*1380 On Rehearing.
The earnestness of the application for the rehearing has induced us more readily to re-.examine this case.
The point urged with great force in the application is, that the petition of the plaintiff attacking the donation avers the intention of the donor was to-give the usufruct t.o the donee, and yet the decision holds the donation void, because it does not give the usufruct to the donee. The court had the fullest appreciation of the contrast between the allegations of the petition and the conclusion reached by us, and that discrepancy formed part of the difficulty we enqountered in our consideration of the case.. . ,
•It must be borne in mind that the pleadings indicate the issue of right to be determined by the judgment, or'rather the relief to be granted. But the court, in ascertaining the relief to be awarded, is guided by the testimony offered and received without objection, Whatever the allegations in the petition, the court must consider and give effect to the testimony produced. It has become a familiar rule that though a party has mistaken his rights in the petition, yet he will recover judgment according to the testimony received without objection, and that testimony which might have been excluded by an objection will bind the parties if suffered to be introduced. The judicial allegation undoubtedly binds the party in whose behalf it is made, but, if • not insisted on, yields to testimony received without objection. Thus, in 11 Martin, 26, the rule under consideration is expressed: If the party mistake his right in the petition the error is cured by evidence establishing it when received without objection. In 12 Martin, 242, the expression is: -Although the allegation be that property belonged to the community, yet if it is shown by testimony received without objection to be the property of the wife, • effect is given to the testimony. Again, in 18 La. 328, it is laid down: A party who, without opposition, permits the introduction of testimony contrary to the allegations in the petition is bound by its effect.
With this rule-in view we find on-the issue submitted as to the validity of this asserted donation ao act, to say the least, inconsistent in its terms,' leaving in doubt, at best, the divestiture by the donor of the property imperatively exacted by the Code. ■ On the question of intention we find a mass of conflicting testimony-as to *1381 whether the life usufruct was intended to be given the donee-or reserved to the donor. And as to the property itself, there is the avowal by the notary who passed the act offered by the defendant, that the donation of the plantation was to take effect after the death of the donor. On the issue of possession we find it put beyond all controversy that after this so-called donation the donor continued in possession, leasing part of the land on shares, hiring a laborer to cultivate another portion, deriving the few revenues for herself without the slightest objection or elaimfrom defendant. We find, too, that consistently with the actual retention by the donor of the property and of its revenues after the supposed' donation, she paid the taxes on the property. If it had been .intended the donee should have the usufruct, or if he had had it in fact, it was his obligation to pay the taxes. Civil Code, Art. 1551. As to the usufruct asserted on behalf of the defendant if it ever existed, it would be ended by his death and by the death of the donor, and of both these deaths we are informed by the record. The discussion as to the supposed usufruct of the donee during the life of the donor, presents no practical importance. As to the supposed donation of the property, in our view there is no escape from the conclusion under all the testimony it was not to take effect till the donor’s death, and was and is utterly void on that ground. This court can not close its eyes to all this testimony of the actual fact, and hold notwithstanding the life usufruct was the donee’s, because of the allegations in that respectin plaintiff’s petition, overthrown, we think, by testimony offered without objection, or hold that the donation of the plantation divested the donor “at once,” as required by the Code, when the act is, we think, and certainly the testimony shows it was, only to take effect after the donor’s death.
It must be borne in mind, too, the court is'dealing with a prohibitory law in the public interest to maintain the simplicity of our system of titles, exacting that donations inter vivos must in prassenti divest the donor of the property. The inhibition is like the prohibited jldei commissum and annuls the act. It might be claimed the court would be bound to enforce such prohibitions even if not pleaded.
Aside from this, in our view within the scope of pleadings and of testimony offered on- one side without objection and of that produced by the other we are authorized to hold the act submitted to us void *1382 as a donation inter vivos, because, as was also held by the lower court, there was no divestiture of the donor of the property she professed to give. Civil Code, Arts. 1468, 1533; 4 An. 36; 5 An. 533; 12 An. 726.
We have gone over the testimony on the reconventional demand. We accepted the statement in plaintiff’s brief that ninety-two dollars of the demand had been paid. The record is voluminous, and on re-examination we do not find the proof of payment except as to a cabin. As there seems-to be a doubt a,s to the alleged payment we have concluded to let-the judgment of the lower court stand. We have considered defendant’s argument for an increase of the judgment on his reconventional demand, but, in our opinion, .the lower court allowed enough.
It is therefore ordered, adjudged and decreed that the judgment of this court heretofore rendered- be. amended so as to allow defendant six hundred and ninety-two dollars, and with this modification the judgment of the lower court be affirmed, with costs.
Rehearing refused.